**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**


**TERRY POOL,**

                              **Petitioner,**

         **v.**                                     **CASE NO. 19-3252-JWL**

**U.S. PAROLE COMMISSION,**

                              **Respondent.**


## MEMORANDUM AND ORDER

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2241. Petitioner, a prisoner in federal custody, seeks review of action by the United States Parole Commission (Commission).

### Background

In February 1978, petitioner was sentenced in the United States District Court for the Central District of California to a term of three years for being a felon in receipt of a firearm. During his service of that sentence, he was convicted of conspiracy to murder and murder in the first degree and sentenced to a term of life. Petitioner now has served more than forty years in the federal prison system. His institutional history includes approximately ten disciplinary actions. The most recent serious disciplinary incident was an assault in 2009, and the most recent overall was a minor disciplinary action in 2013 for possession of tobacco.

The Commission has considered petitioner's case on several occasions. It held an initial parole hearing in 2010 and denied parole. It next considered petitioner's case in 2011, and evaluated him under 18 U.S.C. § 4206(d) because he had served thirty years of his sentence

by that time. Following this "mandatory parole" hearing, the Commission denied parole, finding that petitioner had violated institutional rules on numerous occasions and that there was a reasonable probability that he would commit a crime if released.

At the October 2011 hearing, the Commission designated petitioner's case as an "original jurisdiction"[1] case under 28 C.F.R. § 2.17(a).

In December 2013, the Commission reheard petitioner's case and again denied parole. The Commission also attempted to declassify petitioner's case as "original jurisdiction" but did not follow the voting procedures set out in 28 C.F.R. § 2.17(c)(2). Because of that error, this Court invalidated the August 2015 decision and directed a new hearing. *See Pool v. Streeval*, 2016 WL 6083712 (D. Kan. Oct. 18, 2016).

In January 2017, the Commission held a remedial hearing and again denied mandatory parole.

In November 2018, the Commission held the most recent mandatory parole hearing. The hearing examiner recommended that the commissioners grant mandatory parole, but the executive hearing examiner panel rejected that recommendation and recommended the denial of parole due to petitioner's history of institutional misconduct.

---

[1] The original jurisdiction designation is reserved for cases that meet the following criteria: (1) prisoners who committed crimes against national security; (2) prisoners whose offense behavior involved an unusual degree of sophistication or planning; (3) prisoners who have had national or unusual attention as a result of their offenses, arrest, trial or prisoner status; (4) prisoners whose offenses caused the death of a law enforcement officer acting in the line of duty; or (5) prisoners who are sentenced to a term of 45 years or life. *See* 28 C.F.R. §2.17.

Since August 5, 2018, the Commission has had two commissioners serving; at least one additional nomination is pending in the United States Senate. Both the serving commissioners agreed with the executive hearing panel that parole should be denied in petitioner's case. A notice of action was issued on February 27, 2019.

Both the commissioners also signed an order to declassify petitioner's case as an original jurisdiction matter. A separate notice of action was issued on that order on February 27, 2019.

Petitioner sought review on March 4, 2019, and the Commission issued a notice of action denying relief on May 22, 2019.

### The habeas petition

Petitioner seeks relief in this action on four claims. First, he alleges the Commission improperly removed the original jurisdiction designation in his case. Second, he claims the Commission improperly allowed his appeal to proceed before the two serving commissioners. Third, he claims the Commission improperly considered statements from his presentence report. Fourth, he claims the Commission improperly refused to review his psychology file.

### Discussion

To obtain federal habeas corpus relief, a petitioner must demonstrate that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States". 28 U.S.C. § 2241(c)(3). A § 2241 petition is appropriate when a prisoner challenges the execution of his sentence rather than the validity of his conviction or sentence. *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997).

A habeas court's review of a decision by the Commission is narrow. *See Peltier v. Booker*, 348 F.3d 888, 892 (10th Cir. 2003). The governing

standard of review "is whether there is a rational basis in the record for the Commission's conclusions embodied in its statement of reasons." *Misasi v. U.S. Parole Commission*, 835 F.2d 754, 758 (10th Cir. 1987)(quoting *Solomon v. Elsea*, 676 F.2d 282, 290 (7th Cir. 1982)). *See also Kell v. United State Parole Comm'n*, 26 F.3d 1016, 1019 (10th Cir. 1994)(requiring "a clear showing of arbitrary and capricious action or an abuse of discretion" to overturn a decision by the Commission).

Before November 1, 1987, the terms of federal sentences were governed by the Parole Commission and Reorganization Act of 1976 (PCRA). The PCRA "empowered the Parole Commission to evaluate prisoners' behavior and to award them early release on the basis of positive institutional adjustment." *Bledsoe v. United States*, 384 F.3d 1232, 1233 (10th Cir. 2004)(citations omitted). Dissatisfied with that system, Congress passed the Sentencing Reform Act of 1984 (SRA), which became effective on November 1, 1987, when it replaced the PCRA. "Under the SRA, parole was to be abolished, the Parole Commission was to be phased out, and prisoners were to serve uniform sentences under sentencing guidelines." *Id*. However, on December 7, 1987, Congress amended the SRA to clarify that the PCRA would continue to control the sentences of prisoners sentenced before the effective date of the SRA and extended the life of the USPC to administer those sentences. *Id*. at 1234. Congress has since extended the life of the USPC several times, most recently to October 31, 2020, by the United States Parole Commission Extension Act of 2018. Pub. L. 115-274 (October 31, 2018).

At this time, although the USPC is authorized to have five commissioners, since August 2018, only two persons have been serving in that capacity, Commissioners Massarone and Cushwa.

Petitioner first challenges the declassification of his case as an original jurisdiction matter. Both that designation and the removal of that status are governed by 28 C.F.R. § 2.17. Under the regulation, a case may be removed from an original jurisdiction status "following a regularly scheduled hearing or the reopening of the case pursuant to § 2.28. Removal may also occur by majority vote of the Commission considering a petition for reconsideration pursuant to § 2.27." § 2.17(c)(2). The procedure to be used is the same as that for designation, which states:

> Following any hearing conducted pursuant to these rules, the Regional Commissioner may designate that a case should be decided as an original jurisdiction case. If the Regional Commissioner makes such a designation, the Regional Commissioner shall vote on the case and then refer the case to the other Commissioners for their votes. The decision in an original jurisdiction case shall be made on the basis of a majority vote of Commissioners holding office at the time of the decision.

28 C.F.R. § 2.17(a).

The Rules and Procedures Manual (RPM) of the USPC provides this description of the declassification procedure:

> Where a case has been previously designated as original jurisdiction and the Regional Commissioner believes it no longer warrants such classification, he may refer the case to the National Commissioners for declassification. The Regional Commissioner shall also vote on the substantive case decision. The National Commissioners shall first vote on declassification. If declassified, the case shall be treated as a non-original jurisdiction case and returned for processing, unless the Regional Commissioner's proposed decision requires action under 2.24(a). If not declassified, the case shall be processed under original jurisdiction procedures.

*Id.* at § 2.17-05.

In removing the original jurisdiction designation in petitioner's case, however, the Commission did not act during the

parole hearing process, and the decision was made on the vote of a single Commissioner, Patricia Cushwa.

As stated, on November 14, 2018, the hearing examiner recommended that petitioner be granted mandatory parole effective August 26, 2019, with a special condition of substance abuse aftercare. That recommendation was rejected by an executive hearing panel composed of examiners Stephen Husk and Joseph Pacholski, Commissioner Patricia Cushwa, and Regional Commissioner Charles Massarone. Commissioner Cushwa signed the notice on December 7, 2018, and Commissioner Massarone signed it on December 10, 2018. Doc. 2-1, Ex. A.

On December 10, 2018, Commissioner Massarone also signed an order recommending the declassification of petitioner's case as original jurisdiction, and on the same day, he voted with Commissioner Cushwa to declassify. *Id.*, Ex. B.

Because Commissioner Cushwa, the only remaining Commissioner, voted on the substantive decision to deny parole on December 7 before she voted on the declassification decision on December 10, the parole decision was complete before the declassification decision was made. This is contrary to the process required in the RPM, which directs that if a Regional Commissioner believes that original jurisdiction should be removed, the Regional Commissioner must first refer the matter to the National Commissioners with his or her vote on whether parole should be granted. If the National Commissioners agree the case should be declassified as an original jurisdiction case, the case then is returned for processing as a non-original jurisdiction case.

Petitioner also points out that the declassification process requires a majority vote of the National Commissioners. Under the governing regulation, the Regional Commissioner refers a case considered appropriate for declassification to the National Commissioners for a vote. The regulation defines National Commissioners as "the Chairman of the Commission and … the Commissioner who is not serving as the Regional Commissioner in respect to a particular case." 28 C.F.R. § 2.1(d). Because

Commissioner Massarone signed the form referring petitioner's case for declassification from its original jurisdiction status, he could not cast a vote as a National Commissioner. Commissioner Cushwa, as the sole remaining Commissioner, voted for declassification.

Petitioner challenges this vote on the ground that declassification requires a majority vote of the National Commissioners.

The provisions of 28 C.F.R. § 2.17(a), which contemplates a decision made on "a majority vote of Commissioners holding office at the time of the decision" and Section 2.17-05, which directs the Regional Commissioner to "refer the case to the National Commissioners for declassification", obviously were written with the expectation of a larger roster than the present USPC membership of two commissioners.

However, two provisions suggest this vote may be acceptable. First, 28 C.F.R. § 2.17(a) provides for a decision by "a majority vote of Commissioners holding office at the time of the decision". And, as petitioner acknowledges, the USPC has a quorum regulation which states that "[i]f there is only one Commissioner holding office, all provisions in these rules requiring concurring votes or resolving split decisions are suspended until the membership of the Commission is increased, and any action may be taken by one Commissioner." 28 C.F.R. § 2.63(c). Read together, these provisions support a conclusion that there is an intent that the Commission be allowed to carry out its duties to render decisions and take action despite a low number of serving Commissioners.

The Court has studied the record and is mindful of "the rule that a federal district court may not review the actions of the Parole Commission absent a showing of arbitrary and capricious action or a misapplication of the law." *Fox v. U.S. Parole Comm'n*, 517 F.Supp. 855, 858 (D. Kan. 1981), *aff'd*, No. 81-1432, 1981 WL 37344 (10th Cir. Nov. 23, 1981). In this case, the Court finds the Commission's failure to properly process the declassification of the original jurisdiction

designation in accordance with its governing regulation is a misapplication of the law that warrants the remand of this matter for a new hearing. The regulation is clear, and petitioner is entitled to careful consideration of his suitability for parole under the terms of that regulation.

Because the Court concludes petitioner is entitled to relief on his argument concerning the removal of the original jurisdiction classification, it does not reach petitioner's remaining claims.

IT IS, THEREFORE, BY THE COURT ORDERED the petition is granted and this matter is remanded for a new hearing consistent with this Memorandum and Order.

**IT IS SO ORDERED.**

DATED:  This 27th day of April, 2020, at Kansas City, Kansas.


S/ John W. Lungstrum
JOHN W. LUNGSTRUM
U.S. District Judge